UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMP360 LLC,

    Plaintiff,

v.                                            Case No: 8:22-cv-0447-KKM-AAS

KT ENTERPRISES, LLC,
KEVIN TABAN, EDDIE BRYANT,

    Defendants.
_____

## ORDER

Defendants KT Enterprises, LLC, Kevin Taban, and Eddie Bryant move to transfer this action to the Central District of California, arguing that the action is related to a previously filed action pending in that court. Under the first-to-file rule or, alternatively, under 28 U.S.C. § 1404(a), the Court grants the transfer motion.

I.     BACKGROUND

As insurance brokers, Comp360 and KT Enterprises provide workers with compensation insurance through their companies and compete for clients who seek to purchase workers compensation insurance. (Doc. 25 at 1; Doc. 16 at 4.) Summit Consulting, LLC, is a workers compensation insurance carrier with offices in the southeastern states. (Doc. 21 ¶ 16; Doc. 25-1 at 2.) Eddie Bryant, a resident of Los Angeles

County, California, works for KT Enterprises. (Doc. 21 ¶ 4.) Kevin Taban is also a resident of Los Angeles County, California, (*id.* ¶ 3), and the founder of KT Enterprises, (Doc. 27 at 20).

On November 24, 2021, KT Enterprises brought an action against Comp360, its principal Fielding Dickey, and Does 1–10 in California state court. (Doc. 16 at 3.) Comp360 and Dickey subsequently removed to the Central District of California. (*Id.* at 5); *see KT Enters. LLC v. Comp360 LLC*, No. 22-cv-0411 (C.D. Cal. Jan. 20, 2022). In that action, KT Enterprises alleges five causes of action: (1) defamation per se; (2) defamation per quod; (3) unfair business practices; (4) intentional interference with contractual relations; and (5) intentional interference with prospective economic relations. (Doc. 16 at 3–4.) KT Enterprises alleges Comp 360 and Dickey circulated defamatory statements about KT Enterprises and its employees to business partners and other third parties. (Doc. 16 at 4.)

On January 25, 2022, Comp360 filed a complaint against KT Enterprises, Taban, and Bryant in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. (Doc. 2-1 at 4.) Defendants removed the action. (Doc. 2 at 1–2.) Comp360 filed an Amended Complaint alleging three causes of action: (1) tortious interference; (2) conspiracy to commit tortious interference; and (3) unfair competition. (Doc. 21 ¶ 28–56.)

2

Defendants move to transfer this action to the Central District of California to consolidate it with the previously filed action pending in that court. (Doc. 16.) Comp360 opposes the motion. (Doc. 25.)

II.   ANALYSIS

This Court grants Defendants' motion to transfer under the first-to-file rule. Alternatively, transferring this action will be more convenient to the parties and witnesses and is in the interests of justice. *See* 28 U.S.C. § 1404(a).

### A. This Action is Sufficiently Similar to a Previously Filed Action in the Central District of California

There is "a strong presumption" that an action in one federal court that involves "overlapping issues and parties" with an action in another federal court should be adjudicated by the court in which the matter was filed first. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Such a complaint must be "dismissed or transferred to the district where the first-filed case is pending." *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1338 (S.D. Fla. 2021) (Altman, J.) (reasoning the first-to-file rule promotes "comity and sound judicial administration"). The first-to-file rule requires only "sufficiently similar" parties and issues—not identical lawsuits. *Vital Pharms., Inc. v. PhD Mktg., Inc.*, No. 0:20-cv-60993, 2020 WL 6162794, at *2 (S.D. Fla. July 28, 2020) (Dimitrouleas, J.); *see also Strother v. Hylas Yachts, Inc.*, No. 12-cv-80283, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (Hurley, J.) ("All that need be present is that the two actions involve closely

3

related questions or common subject matter. The cases need not be identical to be duplicative." (cleaned up and quotation omitted)).

KT Enterprises filed the California action on November 24, 2021, and Comp360 followed with this action on January 25, 2022. (Doc. 16 at 3–5.) Because the two actions have "sufficiently similar" parties and issues, the first-to-file rule applies.

In the California case, KT Enterprises is suing Comp360, Fielding Dickey, and Does 1–10 for claims involving defamation, unfair business practices, and intentional interference with contractual and prospective economic relations. (Doc. 16 at 3–4.) KT Enterprises alleges that Comp360 and Dickey "began disseminating defamatory statements about KT Enterprises and its employees" to business partners of KT Enterprises and other third parties. (Doc. 16 at 4.) Here, Comp360 is suing KT Enterprises, Taban, and Bryant for claims involving tortious interference and unfair competition. (Doc. 21 ¶ 28–56.) Comp360 alleges that "[i]n 2021, the Defendants sent deceptive, unfair, and/or misleading communication[s] to Summit (and, possibly, others) in an effort to undermine and/or destroy the relationship between [Comp360] and Summit." (Doc. 21 ¶ 18.)

The allegations made in Comp360's Amended Complaint in this action are sufficiently similar to KT Enterprises' allegations in the California action. Both involve communications between Comp360 and KT Enterprises and other third parties that allegedly harmed the competitors' businesses. For example, Comp360 alleges that

4

Defendants' correspondence with Summit portrayed Comp360 and Dickey "as racist," (Doc. 21 ¶ 23), and Defendants allege the "communications at issue relate to Dickey's own conduct in harassing and defaming KT Enterprises and its personnel," (Doc. 16 at 7). Thus, while the claims are not identical, the "the two actions involve closely related questions or common subject matter." *Strother*, 2012 WL 4531357, at *2; *see Vital Pharms.*, 2020 WL 6162794, at *2 ("The first[-to-file] rule does not require that the parties and issues involved be identical, only that they are sufficiently similar[] or substantially overlap.").

Both cases also include similar parties, as the pending California action involves both Comp360 and KT Enterprises. (Doc. 16 at 3.) Although Bryant and Taban are non-parties in the California action and Dickey is a non-party in this action, they are not unrelated third-parties to the two cases because they are each employees of the respective companies. Dickey is the principal of Comp360, (Doc. 16 at 4), Bryant is an employee of KT Enterprises, (Doc. 21 ¶ 4), and Taban is the founder of KT Enterprises and employed by the company, (Doc. 27 at 20). Given their positions in the respective companies, these individuals will likely be involved in both actions. And even if they are not, their additional presence alone does not defeat the first-to-file rule given the other substantial similarity between the two actions. *See Steelers Keys, LLC v. High Tech Nat'l, LLC*, No. 19-cv-23630, 2019 WL 6609214, at *2 (S.D. Fla. Dec. 4, 2019) (Scola Jr., J.) (reasoning the

inclusion of an additional plaintiff does not defeat the "strong presumption in favor of the first-filed case").

To prevent the needless waste of judicial resources and to avoid conflicting rulings, this action is transferred to the Central District of California because the parties and issues substantially overlap and the first-filed action is pending there.

### B. The Central District of California is a Convenient Forum and the Interests of Justice favor a Transfer

This Court may transfer a civil action to another district where the case "might have been brought," if transferring is "[f]or the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a); *see Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (indicating the purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'" (quotation omitted)). Here, the convenience of the witnesses and parties and the locus of operative facts dispositively weighs in favor of transfer under § 1404(a). *See Manuel*, 430 F.3d at 1135 n.1.

The most important factor is "the availability and convenience of *key* witnesses." *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1311 (M.D. Ga. 2003) (Sands, C.J.). All Defendants (each a key witness to the case) reside in the Central District of California. *See Stat Med. Devices, Inc. v. Intrinsyk, LLC*, No. 15-cv-20071, 2015 WL 10960945, at *5– 6 (S.D. Fla. Dec. 1, 2015) (Altonaga, J.) (determining from the named potential witnesses

that the convenience-of-the-witnesses factor weighed in favor for transfer because the defendants were most likely to provide key testimony). Further, Dickey, the principal of Comp360, will likely be required to travel to California to serve as a witness during the California action. So Comp360 will not bear an additional inconvenience from transfer. *See Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (Nesbitt, J.) (weighing in favor of transfer because only the plaintiff was located in or near the home forum while the other three parties lived in the proposed-transfer forum). Comp360 argues that transfer would not be convenient for the non-party witnesses from Summit. But the witnesses from Summit are not specifically identified in Comp360's response. (*See* Doc. 25 at 17 (stating Summit would find Florida a more convenient forum because it does business in southeastern states but not identifying the actual witnesses of Summit).)

Further, the "locus of operative facts" factor also favors transfer to California. *See Manuel*, 430 F.3d at 1135 n.1. Here, the operative facts concern Defendants "allegedly interfering with [Comp360's] business relationships and unfairly competing with [Comp360] by spreading false information about [Comp360] to Summit." (Doc. 16 at 16.) There is no dispute that the alleged communications and conduct underlying this action occurred in California where Defendants reside.

7

Comp360 argues transfer should be denied because this Court "has jurisdiction to compel discovery and testimony from Summit." (Doc. 25 at 15.) However, Rule 45(c) only allows district courts to subpoena employees to a trial, hearing, or deposition who are within the state or within 100 miles of where the "person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c). Because Summit has offices, employees, and customers in various southeastern states, (Doc. 25-1 at 2), and Summit is a member of the Great American Insurance Group, headquartered in Cincinnati, Ohio, (Doc. 16 at 14), this Court may also be unable to subpoena employees from Summit if they reside or work out of state and further than 100 miles from this Court. Thus, the mere fact that California courts may be unable to subpoena witnesses from Summit does not weigh heavily against transfer here.

Finally, the Court need not address Defendants' personal jurisdiction challenges before transferring under § 1404(a). (Doc. 27 at 1); *see Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *cf.* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3854 (4th ed. 2022) (noting that it may conserve judicial resources and further the interests of the parties "to transfer a case from a forum in which there is a difficult question of personal jurisdiction or venue to a district in which there are no such uncertainties").

Given that many of the relevant witnesses reside in California and the actions underlying this lawsuit occurred there, transfer is warranted under § 1404(a).

## III.  CONCLUSION

Since this case substantially overlaps with the first-filed California case and the Defendants established that transfer is also warranted under § 1404(a), this action is hereby transferred to the Central District of California.

Accordingly, the following is **ORDERED**:

1. Defendants' Motion to Transfer is **GRANTED**. (Doc. 16.)

2. Accordingly, the Clerk is directed to **TRANSFER** this case to the United States District Court for the Central District of California for all further proceedings, to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 23, 2022.

Kathryn Kimball Mizelle
United States District Judge

9