UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:22-cv-04329-SSS-SKx | Date | August 8, 2022 |
|---|---|---|---|
| Title | *Comp360 LLC v. KT Enterprises LLC, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT CONSOLIDATE THE TWO CASES (IN CHAMBERS)

     Plaintiff Comp360 brings this action against Defendants KT Enterprises, LLC ("KT Enterprises"), Kevin Taban, and Eddie Bryant for tortious interference and common law unfair competition. [Dkt. 2]. Comp360 is a workers compensation insurance broker and alleges KT Enterprises, a competing workers compensation insurance broker, spread "falsehoods" to a third-party with the intention of "destroying [Comp360's] relationship with [the third-party]." [Dkt. 2-1 at 2]. Comp360 initially removed this case from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida to federal court in the Middle District of Florida. [Dkt. 2]. On June 23, 2022, the Middle District of Florida transferred the case to this Court. [Dkt. 33].

In a separate case before this Court, KT Enterprises brought an action against Comp360, Fielding Dickey, and Does 1–10 for defamation (libel per se), defamation (libel per quod), violation of § 17200 of the California Business and Profession Code, intentional interference with contractual relations, and intentional interference with prospective economic relations.[1]  In that case, KT Enterprises alleges that Comp360 and Dickey made and spread defamatory comments about it with the intention of harming KT Enterprises' professional reputation.[2]  KT Enterprises initially filed this case in Los Angeles Superior Court and Comp360 removed the case to this Court on January 20, 2022.[3]  In both actions Comp360 and KT Enterprises are parties and the claims arise from the same transaction or occurrence.

The Court finds that consolidation of these two cases might be appropriate.  Courts often find it appropriate to consolidate two cases when those cases include the same parties and share common questions of law and fact.  *See* Fed. R. Civ. P. 42(a); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("trial courts may consolidate cases *sua sponte*"); *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016) ("[D]istrict courts have broad discretion to consolidate complaints. . ." (internal quotations omitted)).  Here, the cases include the same parties, as well as similar allegations.

Accordingly, the parties are DIRECTED to show cause why the Court should not consolidate the two cases discussed above.  The parties are DIRECTED to respond in writing to this Order to Show Cause on or before August 17, 2022.

**IT IS SO ORDERED.**

---

[1] *KT Enterprises v. Comp360 LLC, et al.*, No. 2:22-cv-00411-SSS-SK, at Dkt. 1.

[2] *Id*. at Dkt. 1 at 5–8.

[3] *Id*. at Dkt. 1.